IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DEANA CALLINS,

    PLAINTIFF,

VS.                                                        CV NO.:

FIS MANAGEMENT SERVICES,
LLC,

    DEFENDANT.                              JURY TRIAL DEMANDED

COMPLAINT

I. JURISDICTION

1. This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, 2202, 29 U.S.C. § 2617(a)(2). This is a suit authorized and instituted pursuant to the "Family and Medical Leave Act of 1993," 28 U.S.C. § 2601, et. seq. ("FMLA"). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights and Defendant's violation of the Acts and for injunctive relief and damages.

2. Defendant, FIS Management Services, LLC, (hereinafter "Defendant") is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2). Defendant employed at least fifty (50) persons for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Defendant employed these fifty (50) employees within 75 miles of Plaintiff's worksite.

## II. PARTIES

3. Plaintiff, Deana Callins, (hereinafter "Plaintiff") is a resident of Birmingham, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

4. Defendant FIS Management Services, LLC, (hereinafter "Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Therefore, this Court has personal jurisdiction over Defendant.

## III. STATEMENT OF FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6. Defendant hired Plaintiff on or about November 19, 2018.

7. Defendant employed Plaintiff as a Process Associate.

8. Defendant terminated Plaintiff's employment on November 11, 2019.

## IV. COUNT ONE - FMLA INTERFERENCE

9. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 8 above as if fully set forth herein.

10. During the 12-month period prior to December 9, 2019, Defendant employed Plaintiff for at least 1,250 hours of service.

11. Defendant employs fifty (50) or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year of Plaintiff's proposed December 9, 2019, leave.

12. During the week of October 25, 2019, Defendant employed fifty or more employees that worked within 75 miles of the location where Plaintiff worked.

13. During the week of December 9, 2019, Defendant employed fifty or more employees that worked within 75 miles of the location where Plaintiff worked.

14. Defendant employed LeShaundrea Westbrook.

15. Westbrook served as the Manager over Plaintiff's job duties and responsibilities.

16. On October 25, 2019, Plaintiff provided notice of foreseeable FMLA leave to Westbrook.

17. Plaintiff provided notice of her foreseeable need of FMLA leave thirty days prior to the beginning of the FMLA leave.

18. Prior to October 25, 2019, Plaintiff had never previously informed Defendant of the need for FMLA leave.

19. Defendant administers its FMLA leave through a third-party vendor, Lincoln Financial Group.

20. Defendant provided Plaintiff with a Notice of Eligibility and Rights and Responsibilities form.

21. Defendant provided Plaintiff with an FMLA Designation Notice form denying her FMLA leave.

22. Defendant denied Plaintiff's FMLA "because [she had] not met the required number of service months."

23. Plaintiff's proposed leave was to commence after she had met the required number of service months.

24. Defendant failed to provide Plaintiff with an FMLA Certification of Health Care Provider for Employee's Serious Health Condition form.

25. Defendant's Cordelia Jordan, LeShaundrea Westbrook, and Leonard Creer informed Plaintiff that Defendant terminated her employment.

26. Defendant's management employees Cordelia Jordan, LeShaundrea Westbrook, and Leonard Creer made the decision to terminate Plaintiff's employment.

27. Defendant's management employees Cordelia Jordan, LeShaundrea Westbrook, and Leonard Creermade made the decision to terminate Plaintiff's employment, in whole or part, because of Plaintiff's exercise of FMLA rights.

28. On November 11, 2019, Defendant's management employees Cordelia Jordan, LeShaundrea Westbrook, and Leonard Creer did not provide Plaintiff with a reason to justify its termination decision.

29. Jordan stated only that Plaintiff was guilty of "misconduct."

30. Shortly after Defendant terminated Plaintiff's employment, Plaintiff submitted an application to the State of Alabama Department of Labor (hereinafter "Department of Labor") seeking unemployment compensation benefits.

31. The Department of Labor awarded Plaintiff unemployment compensation benefits.

32. Defendant appealed the Department of Labor's decision awarding Plaintiff unemployment compensation benefits.

33. On January 8, 2020, the Department of Labor conducted a hearing regarding Defendant's appeal and took testimony from Jordan and Westbrook.

34. On January 9, 2020, the Department of Labor rendered a decision stating that Defendant "failed to provide sufficient evidence to show that the claimant committed misconduct. Thus, no misconduct was committed."

35. Defendant interfered with Plaintiff's FMLA rights by not allowing her to commence leave, and instead, terminated Plaintiff's employment.

36. As a result of Defendant's interference with Plaintiff's rights under the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

## V. COUNT TWO - FMLA RETALIATION

37. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 36 above as if fully set forth herein.

38. During the 12-month period prior to December 9, 2019, Defendant employed Plaintiff for at least 1,250 hours of service.

39. Defendant employs fifty (50) or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year of Plaintiff's proposed December 9, 2019, leave.

40. During the week of October 25, 2019, Defendant employed fifty or more employees that worked within 75 miles of the location where Plaintiff worked.

41. During the week of December 9, 2019, Defendant employed fifty or more employees that worked within 75 miles of the location where Plaintiff worked.

42. Defendant employed LeShaundrea Westbrook.

43. Westbrook served as the Manager over Plaintiff's job duties and responsibilities.

44. On October 25, 2019, Plaintiff provided notice of foreseeable FMLA leave to Westbrook.

45. Plaintiff provided notice of foreseeable need of FMLA leave thirty days prior to the beginning of the FMLA leave.

46. Prior to October 25, 2019, Plaintiff had never previously informed Defendant of the need for FMLA leave.

47. Defendant administers its FMLA leave through a third-party vendor, Lincoln Financial Group.

48. Defendant provided Plaintiff with a Notice of Eligibility and Rights and Responsibilities form.

49. Defendant provided Plaintiff with an FMLA Designation Notice form denying her FMLA leave.

50. Defendant denied Plaintiff's FMLA "because [she had] not met the required number of service months."

51. Plaintiff's proposed leave was to commence after she had met the required number of service months.

52. Defendant failed to provide Plaintiff with an FMLA Certification of Health Care Provider for Employee's Serious Health Condition form.

53. Defendant terminated Plaintiff's employment for the stated reason of "misconduct".

54. As a result of Defendant's interference with Plaintiff's rights under the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

55. Defendant terminated Plaintiff's employment on November 11, 2019.

56. Defendant's employees had knowledge that Plaintiff suffered from an FMLA qualifying condition for which she sought leave during December 2019 through January 2020.

57. Defendant's Cordelia Jordan, LeShaundrea Westbrook, and Leonard Creer informed Plaintiff that Defendant terminated her employment.

58. Defendant's management employees Cordelia Jordan, LeShaundrea Westbrook, and Leonard Creer made the decision to terminate Plaintiff's employment.

59. Defendant's management employees Cordelia Jordan, LeShaundrea Westbrook, and Leonard Creer made the decision to terminate Plaintiff's employment, in whole or part, because of Plaintiff's exercise of FMLA rights.

60. On November 11, 2019, Defendant's management employees Cordelia Jordan, LeShaundrea Westbrook, and Leonard Creer did not provide Plaintiff with a reason to justify its termination decision.

61. Jackson stated only that Plaintiff was guilty of "misconduct."

62. Defendant utilizes a Progressive Discipline Policy.

63. Defendant's Progressive Discipline Policy applied to the Plaintiff.

64. Defendant's Progressive Discipline Policy utilize four steps to improve performance wherein an employee initially receives a "Counseling and Verbal

Warning", followed by a "Written Warning", followed by a "Final Written Warning, and, ending with "Termination of Employment."

65. Defendant never provided Plaintiff a "Counseling and Verbal Warning" or a "Written Warning".

66. On October 29, 2019, Westbrook and Creer provided Plaintiff with a "Final Written Warning."

67. The "Final Written Warning" stated that harassing behavior occurred on October 16 and 17, 2019.

68. The "Final Written Warning" stated that Westbrook and Creer investigated the alleged harassment on October 28, 2019.

69. Defendant's "Final Written Warning" directed Plaintiff to "refrain from having any contact with [Katasha Jackson and Stacey Gentry] of whom she has made such contact with unless it is work related."

70. Shortly after Defendant terminated Plaintiff's employment, Plaintiff submitted an application to the State of Alabama Department of Labor (hereinafter "Department of Labor") seeking unemployment compensation benefits.

71. The Department of Labor awarded Plaintiff unemployment compensation benefits.

72. Defendant appealed the Department of Labor's decision awarding Plaintiff unemployment compensation benefits.

73. On January 8, 2020, the Department of Labor conducted a hearing regarding to rule on Defendant's appeal and took testimony from Jordon and Westbrook.

74. On January 9, 2020, the Department of Labor rendered a decision stating that Defendant "failed to provide sufficient evidence to show that the claimant committed misconduct. Thus, no misconduct was committed."

75. The Department of Labor's decision stated that Plaintiff "was warned to refrain from having any contact with the coworkers and not to discuss the matter with any person outside of management and human resources."

76. The Department of Labor's decision stated that "[o]n November 6, 2019, a different coworker complained that the claimant had discussed the harassment with her. There were no witnesses to the discussion. The complaint was addressed with the claimant who denied discussing the matter, and she explained that the coworker only had a conversation about staying cordial to secure their jobs."

77. From October 29, 2019 through November 8, 2019, Plaintiff did not interact with Jackson or Gentry in a manner that violated the "Final Written Warning."

78. Upon information and belief, Katasha Jackson, Stacey Gentry, and Ashley Smith, harassed the Plaintiff and were not disciplined.

79. Upon information and belief, Katasha Jackson and Stacey Gentry did not exercise FMLA rights during their employment.

80. Defendant's management employees Cordelia Jordan, LeShaundrea Westbrook, and Leonard Creer made the decision to terminate Plaintiff's employment, in whole or part, because of Plaintiff's exercise of FMLA rights.

81. As a result of Defendant's discriminatory termination decision in violation of the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the Family and Medical Leave Act;

B. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position she would have had, had she not been terminated;

C. Award her back pay, together with employment benefits, liquidated damages; special damages; nominal damages;

D. Attorneys' fees and costs;

E.  Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 2601 *et seq.* that the actions of Defendant violated the law; and,

F.  Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

/s/ Allen D. Arnold
Allen D. Arnold

**OF COUNSEL:**

ALLEN D. ARNOLD, Attorney at Law
A Member of The Five Points Law Group, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, AL 35205
(205) 252-1550
F: (205) 502-4476
allen@5pointslaw.com

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

/s/
OF COUNSEL

**DEFENDANT'S ADDRESS:**
FIS Management Services, LLC
c/o CT Corporation System
2 North Jackson Street, Ste 605
Montgomery, AL 36104